TIEGA-NOEL VARLACK, ESQ. (SBN 248203)
VARLACK LEGAL SERVICES
225 W. Winton Avenue, Suite 207
Hayward, California 94544
Phone: (510) 397-2008
Facsimile: (510) 397-2997

Attorney for Plaintiff
East Bay Dragons

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EAST BAY DRAGONS,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>SOLANO COUNTY FAIR ASSOCIATION,<br>SOLANO COUNTY,<br>MIKE IOAKIMEDES<br><br>　　　Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES &<br>INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

Plaintiff hereby alleges as follows:

### I.　NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff EAST BAY DRAGONS, an African American Motorcycle Club ("minority-owned business") in violation of the Sections 1981, 1983, and 1985 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq., and California anti-discrimination laws.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES - 1

## II. PARTIES

2. Plaintiff EAST BAY DRAGONS is a corporation in Alameda County, California, whose main purpose is to organize and promote Harley Davidson motorcycle riding with scheduled riding functions and events, to provide education, community interaction, and programming for community service, the corporation has a good reputation in the community. It was founded in 1959.

3. EAST BAY DRAGONS is the nation's most legendary, most elite African American motorcycle club, and since founded has been a visible presence within the community, it also has been a positive social outlet for black men in Oakland, and has been recognized by the City of Oakland, California and by the President of the Oakland City Council.

4. EAST BAY DRAGONS ("EBD") has done many positive activities for the community such as donating school supplies, providing turkeys and other food staples for families in need, participating in the "adopt a family" program, and has remained a symbol of positive community activism and pride within Oakland for over sixty years.

5. Plaintiff has a good rapport in the community; EBD has their own day in Oakland, sometimes they deliver food to neighbors, and they donate free Christmas presents for kids and families at Christmas, every year.

6. Defendant Solano County Fair Association is a California nonprofit corporation, whose purpose is to buy and sell, lease, hire, and sublet real and personal property, and is a government agency.

7. Defendant Solano County is a municipal corporation.

8. Defendant Mike Ioakimedes is the Executive Director of Solano County Fair Association.

## III. JURISDICTION & VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Sections 1981 and 1985. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

## IV.   STATEMENT OF FACTS

10. East Bay Dragons has a good reputation in the community; they have their own day in Oakland. They get a Resolution every year from the City of Oakland, which started on their 50th Anniversary.

11. Paul Butler, who is the chief financial officer of East Bay Dragons, entered into a contract with Solano County Fair Association on or about July 29, 2020 for the East Bay Dragons' 60th Anniversary Event, the event would begin on August 30, 2019 and last until Sunday September 1, 2019.

12. More than 3,800 people were interested in attending the event.

13. East Bay Dragons prepared well for the event, and paid advertisement fees, paid the performers upfront fees, and made everything ready for the event because it was a big day for the club.

14. Two weeks prior to the event, on August 15, 2019, Plaintiff's agent Kim Cloud received a call from Solano County Fair Association saying that the event could not move forward due to a "credible threat" which was purportedly reported by the Solano County Sheriff's Office.

15. In fact, there was no "credible threat" at all, it was totally fabricated.

16. No police report was ever filed.

17. As a result, Plaintiff was denied a license permit to hold at the Fair Grounds because of the non-existent "credible threat." Defendants then proceeded to spread the rumor of this non-existent "credible threat" to the Craneway Pavilion and then to the City of Oakland. The event had to be canceled at the last minute, and a makeshift block party was held in its place.

18. Plaintiff later learned that there was no threat, but that a Solano County employee, Michael J. Piemental reported to Defendants that the "the greatest threat to the internal security of the country" was the Black Panthers and that was an "OMG" issue, because EBD member Mr. Cloud's bakery, It's All Good was purportedly associated with the Panthers.

19. The owner of All Good, Kim Cloud was a member of the EBD's executive board who was also responsible for planning the event along with Paul Butler, and was not surprisingly working closely with Ioakimedes and Defendants to plan the event in question.

20. Because of his prominent role in EBD, and his status of an African American man, Defendants' decided that the EBD were a threat.

21. This was uncalled for because Plaintiff's had a good reputation in the community had paid their contract deposit and were ready willing and able to host their event as planned.

22. In cancelling the event because of race, Defendants made Plaintiffs lose a lot of money, reputation and respect because of their irresponsible and malicious behavior.

23. The Solano County Fair Association never formally apologized for cancelling the event.

**FIRST CAUSE OF ACTION –
DISCRIMINATORY BREACH OF CONTRACT
As to Defendant Solano County Fair Association
(42 U.S.C. Section 1981)**

24. EAST BAY DRAGONS realleges and incorporates by reference each paragraph above as if fully set forth herein.

25. 42 U.S.C. Section 1981 provides in part that all persons shall have the same right to "make and enforce contracts" as is enjoyed by white citizens. As a result, Section 1981's coverage extends to prohibit discrimination in a wide range of public and private contractual relationships, including the provision of services and the sale of goods.

26. Though an oral contract with Plaintiff, Solano County Fair Association agreed to rent Solano County Fairgrounds on August 31, 2019 beginning at 1:00 p.m. and ending at 1:00 a.m. Sunday September 1, 2019. The contractual terms outlined the load-in and set-up time beginning at 10:00 a.m. August 30, 2019 with building lock up at 6:00 p.m. and August 31, 2019 beginning at 10:00 a.m. ending at 1:00 p.m. with the public's arrival. It also includes breakdown and load-out days September 1, 2019 beginning at 1:00 a.m. and ending at 6:00 p.m. the same day.

27. In exchange for the above, the contract called for East Bay Dragons to pay with $50,000, with $1,000 paid at the at the execution of License Agreement and $49,000 to be paid 15 days prior to start of the Rental on August 15, 2019.

28. Plaintiff signed the letter of intent, attached hereto as Exhibit A, and paid the $1,000.00.

29. Through the intentional acts of its employees and agents as set forth, Solano County Fair Association breached its contract in that it failed to provide East Bay Dragons with usage of the fairground, because Plaintiff identifies as a minority owned business.

30. Tickets were sold on riptickets.com for their online fees, plaintiff lost ticket tax fees because that fee is non-returnable.

31. Plaintiff lost advertisement fees on Stub-hub and Yelp, totaling $1,000.00s of dollars.

32. Plaintiff lost advertisement fee on radio, totaling $1,000.00s of dollars.

33. Plaintiff borrowed approximately $100,000 to hold this event, now Plaintiff lost interest and must pay fees of $903.00 a month.

34. Plaintiff held events in Solano County and at the Cow Palace before; both events were successful and peaceful.

35. Plaintiff had to pay half for the performers upfront: Whodini, Too Short, Doug E Fresh, Richie Rich, Dru Down, Tony Tone Toni, and Mark Curry, costing $1,000.00s of dollars.

36. Plaintiff lost revenue from the event, Plaintiff lost ticket fees, beverage revenue, parking ticket revenue, non-food vendor revenue, booth rental fees, and concert/dance revenue.

37. WHEREFORE, Plaintiff requests relief as hereinafter set forth.

### SECOND CAUSE OF ACTION— CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
**(42 U.S.C. Section 1985)**
**(AS to all Defendants)**

38. Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

39. In doing the acts alleged above, Defendants conspired to deprive Plaintiff of access to a quintessential public forum, the County Fair. This abridged Plaintiff's First Amendment rights to assembly and free speech because this denial of access was based on Plaintiff's race.

40. Within the "social" contract between Solano County Fair Association and East Bay Dragons, there was an implied covenant of good faith and fair dealing by and between the parties which prohibits them from engaging in any activity or conduct which would prevent the other party from receiving the benefits of the "social" contract, which is codified in the Bill of Rights.

41. Through its acts and omissions, Solano County Fair Association and the other named defendants conspired to deprive Plaintiffs of the First Amendment Right to Freedom of Speech and Assembly as made applicable to the States by the Fourteenth Amendment.
42. WHEREFORE, the Plaintiff requests for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION – FRAUD
### As to Defendant Solano County Fair Association, Solano County, Mike Ioakimedes

43. East Bay Dragons re-alleges and incorporates by reference each Paragraph above as if fully set herein.
44. Defendant Mike Ioakimedes and Defendant Solano County Fair Association intended to deceive plaintiff by omission.
45. By accepting Plaintiff's signed letter of intent and accepting their $1,000.00 deposit but omitting from Plaintiff that it was still investigating their "threat quotient," Defendants led Plaintiff to believe that the contract was viable.  When Defendants knew that the opposite was true: the cancellation of the event two weeks prior to the event (on August 15,2019) due to a "credible threat" they received from the Solano County Sheriff's Department crippled EBD's chances to have the events elsewhere and tied up their funding.
46. Defendants knew that the EBD needed to secure a permit thirty (30) days prior to the event in the Bay Area surrounding counties.  The cancellation was intentionally done at a time when it was too late for Plaintiff to find another place to hold the event.
47. Plaintiff relied on the statements to his detriment by paying fees for advertisement, the contract fee, interest for the loan.
48. Plaintiff, who was justified in this reliance, lost a lot of money.
49. WHEREFORE, the Plaintiff requests relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION -- DEFAMATION:
### As to Solano County

50. Plaintiff incorporates the previous paragraphs in the cause of action.
51. Solano County, through its Sheriff's Office informed the Solano County Fair Association that there was a creditable threat to public safety related to the Solano County Fair Association hosting the East Bay Dragon's 60th Anniversary Concert Dance but there was no credible threat at all.

52. Defendant Mike Ioakimedes representing Defendant Solano County Fair Association cancelled the event by making a false statement that there was a credible threat.
53. Rather, Solano County employee, Michael J. Piemental reported to Defendants, and by extension Ioakimedes, that the "the greatest threat to the internal security of the country" was the Black Panthers and that was an "OMG" issue, because EBD member Mr. Cloud's bakery, It's All Good was purportedly associated with the Panthers.
54. The owner of All Good, Kim Cloud was a member of the EBD's executive board who was also responsible for planning the event along with Paul Butler, and was not surprisingly working closely with Ioakimedes and Defendants to plan the event in question.
55. Because of his prominent role in EBD, and his status of an African American man, Defendants' decided that the EBD were a threat, and they published the same thought to others.
56. This damaged EBD's reputation and resulted in financial harm.
57. This amounted to slander which was published by an agent of Solano County to the Craneway Pavilion.
58. This slander has caused distrust and disrespect to Plaintiff, and Plaintiff has lost not only money but also reputation from the untrue statement.
59. WHEREFORE, the Plaintiff requests for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION – DISCRIMATION (Unruh):**
**As to Defendant Solano County Fair Association, Solano County, Mike Ioakimedes**

60. Plaintiff incorporates the previous paragraphs in the cause of action.
61. Solano County Sheriff Office informed the Solano County Fair Association that there would be a very recent creditable threat to public safety related to the East Bay Dragons' 60th Anniversary Concert Dance and there was no credible threat at all.
62. Defendants acted intentionally to discriminate in public accommodations in violation of the Unruh Civil Rights Act, Civ. Code § 51 by denying African American's equal access to the Solano County Fairgrounds.
63. There was no reasonable cause to cancel the event except the non-existing "credible threat," which was fabricated and given credence by Solano County employee, Michael J. Piemental's statement that the "the greatest threat to the internal security of the country" was the Black Panthers, and by extension the EBD.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 7

64. Defendant Mike Ioakimedes represented Solano County Fair Association and cancelled the contract on the basis of race which violated Cal. Civ. Code § 51, the Unruh Civil Rights Act.

65. This insidious belief of EBD's threat traveled all the way to Oakland and with the help of the Oakland Police Department, and at the conclusion of the 60th anniversary celebration, on September 2, 2019, the EBD were surrounded by Oakland Police Department officers due to racist motives as they were enjoying themselves at Level 13 in Oakland.

66. Plaintiffs lost money, reputation and respect from the discrimination.

67. Defendants violation of the Unruh Civil Rights Act entitles Plaintiff to recover statutory damages of a maximum of three times the amount of actual damages or a minimum of $4,000.00.

68. WHEREFORE, the Plaintiff requests for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION – NEGLIGENCE
### As to Defendant Solano County Fair Association, Solano County Sheriff's Office and Mike Ioakimedes
### (Cal. Gov. Code § 815.2)

69. Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

70. Additionally, Defendant Mike Ioakimedes in representing the Defendant Solano County Fair Association had a duty to complete the contract on time.

71. Plaintiff breached the duty by cancelling the contract within 15 days of the event, which made Plaintiff unable to find another place to hold the event, because thirty 30 days was needed to get the permit from other counties.

72. The breach was the actual cause of the Plaintiff's damage.

73. Plaintiff lost ticket fees, beverage revenue, parking ticket revenue, non-food vendor booth rental fees, concert dance revenue.

74. WHEREFORE, the Plaintiff requests for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### CONSTRUCTIVE TRUST
### As to Defendant Solano County Fair Association

75. Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

76. As a proximate result of the Defendant's, fraudulent misrepresentations and otherwise wrongful conduct as alleged herein, Plaintiff was injured.
77. Plaintiff is entitled to restitution of the money defendant gained because of its fraud because such money constitutes a benefit, the receipt of which unjustly enriched Defendant at Plaintiff's expense. A benefit may be any type of advantage, including that which saves the recipient from any loss or expense.
78. Defendants and each of them as involuntary trustees holding said monies therefrom in constructive trust for Plaintiff with the duty to convey the same to Plaintiff forthwith.
79. WHEREFORE, Plaintiff requests relief as hereinafter set forth.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests a judgment against Defendants, and each of them, as follows:

1. For general damages, including, without limitation, according to proof (on the applicable cases of action as plead above);
2. For compensatory damages in the form of a refund of fees and other costs associated with Plaintiff's contract with all Defendants according to proof.
3. For disgorgement and restitution in the form of payments and other costs associated with doing business with all Defendants according to proof.
4. For statutory penalties (on the applicable causes of action as plead above);
5. For an award of interest, including prejudgment interest, at the legal rate;
6. For an award of attorney's fees;
7. For costs of suit incurred;
8. For preliminary and permanent injunction forbidding the defendants from continuing to make use of the unlawful business practices detailed in this complaint;
9. For an award of formal apologies;
10. A declaratory judgment declaring that the Unruh Civil Rights, Act, applies to Defendants and that Defendants' actions violated the act.
11. For such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff herewith demands a jury trial.

DATED: June 17, 2020

                                          VARLACK LEGAL SERVICES

                                          *Tiega-Noel Varlack*
                                          _____
                                                  Attorneys for Plaintiff
                                                         East Bay Dragons